[Cite as *State v. Cobb*, 2013-Ohio-2390.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                                     :

    Plaintiff-Appellee,                       :          CASE NO. CA2012-07-132

    - vs -                                        :          <u>D E C I S I O N</u>
                                                              6/10/2013

                                                  :

ANTHONY COBB,                                     :

    Defendant-Appellant.                      :

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-03-0323

Michael T. Gmoser, Butler County Prosecuting Attorney, Government Services Center, 315 High Street, 11th Floor, Hamilton, OH 45011-6057, for plaintiff-appellee

Fred S. Miller, Baden & Jones Building, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant

**<u>Per Curiam</u>.**

{¶ 1}  This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, the transcript of proceedings and original papers from the Butler County Court of Common Pleas, and upon the brief filed by appellant's counsel, oral argument having been waived.

{¶ 2}  Counsel for defendant-appellant, Anthony Cobb, has filed a brief with this court pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), which (1)

indicates that a careful review of the record from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated; (2) lists two potential errors "that might arguably support the appeal," *Anders*, at 744, 87 S.Ct. at 1400; (3) requests that this court review the record independently to determine whether the proceedings are free from prejudicial error and without infringement of appellant's constitutional rights; (4) requests permission to withdraw as counsel for appellant on the basis that the appeal is wholly frivolous; and (5) certifies that a copy of both the brief and motion to withdraw have been served upon appellant.

{¶ 3} Having allowed appellant sufficient time to respond, and no response having been received, we have accordingly examined the record and find one error prejudicial to appellant's rights in the proceedings in the trial court. The trial court's sentencing entry ordered appellant to pay court costs. In *State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, the Ohio Supreme Court held that when imposing costs, R.C. 2947.23(A)(1) requires a trial court to notify the a defendant that he may be ordered to perform community service if he fails to pay costs. This notification is mandatory and must be provided at the time of sentencing. *Id.* at ¶ 10; *State v. Weathers*, 12th Dist. App. No. CA2012-02-036, at ¶ 19. There is no such notification in the record before us.

{¶ 4} Under such circumstances, *Anders* would seemingly dictate that we now appoint new counsel to brief and argue this issue. However, we find that the total absence in the record of any advisement in compliance with R.C. 2947.23(A)(1) constitutes plain error which we may take immediate action to remedy. See *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346 (1988).

{¶ 5} In all other respects, our examination of the record discloses no other

errors prejudicial to appellant's rights in the proceedings in the trial court.

{¶ 6} Therefore, it is the order of the court that the motion of counsel for appellant requesting to withdraw as counsel is granted, and that portion of appellant's sentence ordering him to pay court costs is hereby reversed and the matter remanded for the proper imposition of court costs in accordance with R.C. 2947.23(A)(1). See *Weathers* at ¶ 25.

HENDRICKSON, P.J., RINGLAND and PIPER, JJ., concur.