[Cite as *State v. Florence*, 2014-Ohio-2337.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO.   CA2013-08-148 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 6/2/2014 |
| - vs - | | |
| | : | |
| CHRISTOPHER FLORENCE, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM BUTLER COUNTY AREA II COURT
Case No. CRB252, A, B, C


Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott Blauvelt, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


**M. POWELL, J.**

{¶ 1}   Defendant-appellant, Christopher Florence, appeals from his convictions in the Butler County Area II Court for disorderly conduct and obstructing official business.  For the reasons set forth below, we affirm in part and reverse in part the judgment of the trial court and remand for resentencing.

{¶ 2}   Florence was charged with disorderly conduct, obstructing official business, and domestic violence on January 24, 2013.  A bench trial was held on March 28, 2013 wherein

two deputies from the Butler County Sheriff's Office, Hatfield and Brockman, testified as to the events leading up to the charges. Deputy Brockman testified that when the deputies arrived at Florence's residence, Florence was agitated and intoxicated. Florence also would not provide the deputies with any identifying information. Once inside the residence, Deputy Brockman observed broken glass from a stereo that was strewn about and on the lap of a young man sitting on a couch. When two witnesses gave statements, Florence became argumentative, so he was asked to step outside to give his version of events. Deputy Brockman testified that once Florence was outside of the residence with Deputy Hatfield, he continued to be uncooperative. Deputy Brockman testified that Florence's conduct made their duties more difficult, so much so that Florence was not charged with domestic violence until an investigation was conducted after his arrest for disorderly conduct and obstructing official business.

{¶ 3} According to Deputy Hatfield's testimony, while talking to Florence on the front porch outside of the residence, Florence was very confrontational and would not provide any personal identifying information. Deputy Hatfield testified that Florence was "loud and boisterous" and described his behavior as "quite turbulent." With his uncooperative behavior, the deputies "couldn't figure out who exactly he was and check him for any warrants." During these events only a screen door separated two witnesses inside the residence and Florence on the front porch. Eventually, according to Deputy Hatfield, Florence had to be placed into the cruiser to diffuse the situation and separate him from the witnesses inside. After being placed in the cruiser, Florence was very vulgar and abrasive. Hatfield testified that Florence kept asking if Hatfield wanted to "beat his ass."

{¶ 4} After hearing the testimony of the deputies, the magistrate found Florence guilty of both disorderly conduct and obstructing official business. The domestic violence charge

was dismissed with prejudice because the witnesses subpoenaed did not appear. Florence was sentenced to 30 days in jail for each offense to run concurrently. Florence was also sentenced to one year of probation and alcohol treatment for each offense. Florence was ordered to pay court costs and a $250 fine for obstructing official business and a $100 fine for disorderly conduct.

{¶ 5} Florence objected to the magistrate's decision, which the judge overruled. The judge found that there was sufficient evidence to support Florence's conviction for disorderly conduct because his "obstreperous behavior caused the officers to have to delay their investigation of the domestic violence complaint in order to deal with him." The judge also found that there was sufficient evidence to support Florence's conviction for obstructing official business because "[h]is loud, boisterous, and profane behavior required the police to divert their attention from the investigation of the domestic violence complaint and to, therefore, delay and impede the officers in the performance of their duty."

{¶ 6} Florence now appeals his conviction and sentence, setting forth four assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE CONVICTIONS ENTERED IN THE COURT BELOW.

{¶ 9} Florence argues that there was insufficient evidence presented to sustain his convictions for both obstructing official business and disorderly conduct. Regarding obstructing official business, Florence asserts that there were no acts performed by him that actually hampered or impeded the deputies from carrying out lawful duties. Concerning disorderly conduct, Florence contends that his words needed to rise to the level of "fighting words" in order to be convicted. Additionally, Florence alleges that an individual, other than

- 3 -

the deputies present, needed to testify that his conduct caused inconvenience, annoyance, or alarm.

{¶ 10} Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Paul*, 12th Dist. Fayette No. CA2011-10-026, 2012-Ohio-3205, ¶ 9. Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* Proof beyond a reasonable doubt is "proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs." *State v. Ford*, 12th Dist. Butler No. CA2009-01-039, 2009-Ohio-6046, ¶ 45, quoting R.C. 2901.05(D).

{¶ 11} Florence was charged with obstructing official business in violation of R.C. 2921.31(A). R.C. 2921.31(A) provides:

> (A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

{¶ 12} For the purposes of an affirmative act, we have previously found that moving away from officers, subjecting officers to verbal abuse, and physically resisting officers was sufficient to convict a defendant of obstructing official business. *State v. Merz*, 12th Dist. Butler No. CA97-05-108, 2000 WL 1051837 (July 31, 2000). Additionally, a defendant's volume and demeanor making it impossible to investigate a complaint has been found

- 4 -

sufficient to constitute an act for an obstructing official business conviction. *City of Warren v. Lucas*, 11th Dist. Trumbull No. 99-T-0019, 2000 WL 655446 (May 19, 2000).

{¶ 13} In this instance, testimony of the deputies revealed that Florence's purposeful loud, boisterous, and uncooperative conduct made the performance of their duties more difficult. Florence's conduct was in addition to his refusal to provide identifying information. Deputy Hatfield testified that Florence was loud and boisterous when Deputy Brockman was questioning the witnesses inside the house with only a screen door separating them from Florence on the front porch. Florence had to be moved to the cruiser in order to diffuse the situation. Florence was combative while being transferred to the jail and frequently asked if Deputy Hatfield wanted to "beat his ass." Florence was not charged with domestic violence until after he was taken into custody for this behavior. Consequently, Florence's behavior hampered the domestic violence investigation. Such evidence presented was legally sufficient to sustain Florence's conviction for obstructing official business.

{¶ 14} Concerning disorderly conduct, Florence concedes that he was charged with and convicted of disorderly conduct under R.C. 2917.11(B)(1), which provides:

> (B) No person, while voluntarily intoxicated, shall do either of the following:
>
> (1) In a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others * * *.

{¶ 15} When a person is convicted of disorderly conduct under R.C. 2917.11(B)(1), the conduct of the person is at issue, not the content of speech. *City of Akron v. Carter*, 9th Dist. Summit No. 22444, 2005-Ohio-4362, ¶ 12; *State v. Deer*, 6th Dist. Lucas No. L-06-1086, 2007-Ohio-1866, ¶ 38; *Fairborn v. Semler*, 90 Ohio App.3d 369 (2d Dist.1993) (holding

that a person shouting "Mary Had a Little Lamb" in a residential neighborhood at 2 a.m. has the same effect as shouting vulgarities at 2 a.m. for purposes of committing disorderly conduct). Consequently, Florence's speech did not need to rise to the level of "fighting words," or words likely to provoke the average person to an immediate retaliatory breach of the peace. Rather, the issue is whether Florence's conduct was likely to be offensive or "cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities." R.C. 2917.11(B)(1).

{¶ 16} Additionally, R.C. 2917.11(B)(1) does not require that a person is actually inconvenienced, annoyed, or alarmed. Rather, it requires that the conduct engaged in is *likely* to cause inconvenience, annoyance, or alarm. Consequently, no additional person was required to testify that he or she was inconvenienced by Florence's conduct. Moreover, we have found that conduct occurring in the presence of officers is sufficient to convict a person of engaging in disorderly conduct. *Middletown v. Hollon*, 156 Ohio App.3d 565, 2004-Ohio-1502, ¶ 21 (12th Dist.). *See also State v. Butler*, 63 Ohio App.3d 157, 161 (9th Dist.1989); *State v. McClellan*, 5th Dist. Stark No. 1997CA00213, 1998 WL 519135, *2 (Feb. 23, 1998).

{¶ 17} In this instance, the deputies testified that an intoxicated Florence was loud, confrontational, and boisterous outside of his residence in the presence of both deputies as well as two witnesses that were inside the residence separated only by a screen door. This behavior was in the presence of two or more persons and, when viewing the deputies' testimony in a light most favorable to the prosecution, was likely to cause inconvenience, annoyance, or alarm. Consequently, there was sufficient evidence to convict Florence of disorderly conduct.

{¶ 18} Florence's first assignment of error is overruled.

{¶ 19} Assignment of Error No. 2:

{¶ 20} THE TRIAL COURT COMMITTED PLAIN ERROR TO THE PREJUDICE OF [FLORENCE] IN IMPOSING SENTENCE FOR COUNT C, WHICH SENTENCE WAS CONTRARY TO LAW.

{¶ 21} Florence argues that the imposition of a 30-day jail sentence and one-year term of community control supervision for disorderly conduct was contrary to law because disorderly conduct is a minor misdemeanor. R.C. 2917.11(E)(2) provides that disorderly conduct is a minor misdemeanor unless any of the situations apply under R.C. 2917.11(E)(3), then disorderly conduct is a fourth-degree misdemeanor. Florence contends that his disorderly conduct offence constituted a minor misdemeanor rather than a fourth-degree misdemeanor because he was not specifically charged in the complaint under R.C. 2917.11(E)(3).

{¶ 22} "The purpose of a criminal complaint is to inform the accused of the identity and essential facts constituting the offense charged." *State v. Stefanopoulos*, 12th Dist. Butler No. CA2011-10-187, 2012-Ohio-4220, ¶ 21, citing *State v. Broughton*, 51 Ohio App.3d 10, 11 (12th Dist.1988). The failure to allege a specific subsection does not render the complaint defective. *State v. Doans*, 12th Dist. Butler No. CA2007-10-258, 2008-Ohio-5423, ¶ 8. While the exact statutory language does not have to be expressed, language equivalent to the crime's essential elements must be present. *State v. Kinzer*, 12th Dist. Butler No. CA90-07-123, 1991 WL 214360, *3 (Oct. 21, 1991), citing *State v. Oliver*, 32 Ohio St.2d 109 (1972); Crim.R. 3.

{¶ 23} Florence states that the facts in this case are nearly identical to the facts in our previous opinion, *Doans*. In *Doans*, the defendant was charged with disorderly conduct for violating R.C. 2917.11. The complaint failed to cite any subsection. The complaint stated:

> This day came DEP TOLLEY, BUTLER COUNTY SHERIFF, who being duly sworn by me, the undersigned of the Hamilton

Municipal Court, Hamilton, Ohio, says that on or about 09-07-07, The aforesaid, DAVID L. DOANS did while voluntarily intoxicated, did in a public place or in the presence of two or more persons, engaged in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons or ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others; To Wit: MR. DOANS, WHILE INTOXICATED, WAS FIGHTING ON U.S. 27 AND STOPPING TRAFFIC, Contrary to section 2917.11, Revised Code, State of Ohio, and contrary to the form of the statute to such cases made and provided, and against the peace and dignity of the State of Ohio.

(Emphasis sic.) *Doans* at ¶ 21. We found that the complaint did not contain any language to indicate to the defendant that he was charged with a fourth-degree misdemeanor. The complaint neither referenced the specific subsections nor contained substance sufficient to inform the defendant that he was charged under R.C. 2917.11(E)(3). We did find, however, that the language in the complaint was sufficient to provide the defendant proper notice to convict him of disorderly conduct as a minor misdemeanor.

{¶ 24} We find the facts in this case distinguishable. In this case, the complaint stated that Florence unlawfully committed "the offense of d/c intox [sic.] to wit: while intoxicated did cause annoyance or alarm by yelling outside of the residence after being told to keep his voice down * * *." R.C. 2917.11(E)(3)(a) provides that disorderly conduct is a fourth-degree misdemeanor when "[t]he offender persists in disorderly conduct after reasonable warning or request to desist." With the language included in the complaint stating that Florence had been told to keep his voice down, there was sufficient notice to Florence that he was charged with a fourth-degree misdemeanor under R.C. 2917.11(E)(3). *See State v. Davis*, 10th Dist. Franklin No. 88AP-766, 1989 WL 109256 (Sept. 21, 1989) (holding that it was "not dispositive that the exact statutory language specified in R.C. 2917.11(E) was not included in the complaint since the complaint alleged that defendant persisted in refusing to leave the area" when finding that the "defendant was charged in the complaint with a fourth-degree

- 8 -

misdemeanor under R.C. 2917.11(E)."). *See also State v. Lorenzo*, 11th Dist. Lake No. 2001-L-053, 2002-Ohio-3495 (finding words at issue could only be interpreted as a reasonable request to desist and thus the disorderly conduct offense was a fourth-degree misdemeanor). Consequently, it was proper for the trial court to convict, and sentence, Florence of disorderly conduct as a fourth-degree misdemeanor.

{¶ 25} Additionally, Florence's sentence for disorderly conduct as a fourth-degree misdemeanor was not contrary to law. Pursuant to R.C. 2929.21 and 2929.22, trial courts have broad discretion in misdemeanor sentencing to fashion sentences that are appropriate to each case. R.C. 2929.22(A); R.C. *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 24-25. When determining the appropriate sentence, the trial court must be guided by the purposes of misdemeanor sentencing which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). The trial court must also consider the factors listed in R.C. 2929.22(B)(1), including the nature and circumstances of the offense, and may consider any other factors that are relevant to achieving the purposes and principles of misdemeanor sentencing. R.C. 2929.22(B)(2).

{¶ 26} The trial court is not required to state on the record its consideration of the necessary factors when the sentence imposed is within the statutory guidelines. *State v. Fields*, 12th Dist. Brown No. CA2009-05-018, 2009-Ohio-6921, ¶ 11. In the case of a silent record, "'the presumption exists that the trial court considered the statutory criteria absent an affirmative showing by [d]efendant that it did not.'" *Id.*, quoting *State v. Hughley*, 8th Dist. Cuyahoga No. 92588, 2009-Ohio-5824, ¶ 16.

{¶ 27} In this instance, there is no indication from the record that the trial court considered the statutory factors. Nevertheless, we presume that the trial court did consider

the appropriate statutory factors when it sentenced Florence. Florence was sentenced to 30 days in jail with 29 days suspended for disorderly conduct to run concurrently with his identical jail sentence for obstructing official business, which is within the confines of R.C. 2929.24(A). Florence was also sentenced to one year probation and alcohol treatment for each offense. A sentence including both jail time and community control is permitted by R.C. 2929.25(A) for misdemeanors. *State v. Ferrell*, 7th Dist. Mahoning No. 10 MA 95, 2011-Ohio-1180, ¶ 13. Florence was ordered to pay court costs and a $250 fine for obstructing official business and a $100 fine for disorderly conduct, which are both within the statutory limit allowing financial sanctions. R.C. 2929.28.

{¶ 28} In light of the foregoing, it was proper for the magistrate to classify Florence's disorderly conduct charge as a fourth-degree misdemeanor and sentence him accordingly.

{¶ 29} Florence's second assignment of error is overruled.

{¶ 30} Assignment of Error No. 3:

{¶ 31} THE TRIAL COURT ERRED TO THE PREJUDICE OF [FLORENCE] BY FAILING TO AFFORD [HIM] HIS RIGHT [TO] ALLOCUTION BEFORE IMPOSING SENTENCE, IN VIOLATION OF CRIM.R. 32(A)(1).

{¶ 32} Florence argues that his sentence should be vacated and the matter remanded to the trial court for resentencing because the magistrate failed to personally address him and thus denied his right to allocution.

{¶ 33} According to Crim.R. 32(A)(1):

> Sentence shall be imposed without unnecessary delay. Pending sentence, the court may commit the defendant or continue or alter the bail. At the time of imposing sentence, the court shall do all of the following:
>
> (1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or

present any information in mitigation of punishment.

"The purpose of allocution is to permit the defendant to speak on his own behalf or present any information in mitigation of punishment." *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, ¶ 85. Although not considered a constitutional right, "the right of allocution is firmly rooted in the common-law tradition." *State v. Copeland*, 12th Dist. Butler No. CA2007-02-039, 2007-Ohio-6168, ¶ 6. This right is "both absolute and not subject to waiver due to a defendant's failure to object." *State v. Haynes*, 12th Dist. Butler No. CA2010-10-273, 2011-Ohio-5743, ¶ 27.

{¶ 34} The record is clear, and the state concedes, that the trial court failed to address Florence personally and ask if he wished to make a statement on his own behalf or present any information in mitigation of punishment. The record demonstrates that after finding Florence guilty of obstructing official business and disorderly conduct, the trial court addressed Florence's counsel, but did not directly address Florence. As such, Florence's right to allocution was denied.

{¶ 35} Florence's third assignment of error is sustained.

{¶ 36} Assignment of Error No. 4:

{¶ 37} THE TRIAL COURT ERRED TO THE PREJUDICE OF [FLORENCE] IN THE IMPOSITION OF COURT COSTS.

{¶ 38} In his fourth assignment of error, Florence argues that because the trial court failed to advise him that the failure to pay court costs may result in an order requiring community service, the judgment should be modified. In making this argument, Florence relies on our case, *State v. Cobb*, 12th Dist. Butler No. CA2012-07-132, 2013-Ohio-2390, where we found that a trial court's failure to advise a defendant that he may be ordered to perform community service if he fails to pay court costs resulted in plain error. In *Cobb*, we

held that the proper remedy was to reverse the portion of the defendant's sentence ordering

him to pay court costs and remand the matter to the trial court for the proper imposition of

court costs in accordance with R.C. 2947.23(A)(1).

{¶ 39} Since *Cobb*, however, R.C. 2947.23 has been modified.[1] R.C. 2947.23(A)(1)(a)

requires notification to an offender when a community control sanction or other nonresidential

sanction is imposed and now states:

> (A)(1)(a) In all criminal cases * * * the judge or magistrate shall
> include in the sentence the costs of prosecution, including any
> costs under [R.C.] 2947.231, and render a judgment against the
> defendant for such costs. If the judge or magistrate imposes a
> community control sanction or other nonresidential sanction, the
> judge or magistrate, when imposing the sanction, shall notify the
> defendant of both of the following:
>
> (i) If the defendant fails to pay that judgment or fails to timely
> make payments towards that judgment under a payment
> schedule approved by the court, the court may order the
> defendant to perform community service * * *.
>
> (ii) If the court orders the defendant to perform the community
> service, the defendant will receive credit upon the judgment at
> the specified hourly credit rate per hour of community service
> performed, and each hour of community service performed will
> reduce the judgment by that amount.

The statute has also been amended regarding the effect of failing to notify a defendant of the

possibility of performing community service to pay costs. R.C. 2947.23(A)(1)(b) now states:

> The failure of a judge or magistrate to notify the defendant
> pursuant to division (A)(1)(a) of this section does not negate or
> limit the authority of the court to order the defendant to perform
> community service if the defendant fails to pay the judgment
> described in that division or to timely make payments toward that
> judgment under an approved payment plan.

{¶ 40} Florence was sentenced after R.C. 2947.23 was amended and therefore he is

---

1.. R.C. 2947.23 has actually been modified twice since our opinion in *Cobb*. The statute was first revised by 2012 Am.Sub.S.B. 337 (S.B.337), effective September 28, 2012, and then later revised by 2012 Am.Sub.H.B. 247 (H.B.247), effective March 22, 2013. *See State v. Brown*, 12th Dist. Butler No. CA2013-03-043, 2014-Ohio-1317. Because Florence was sentenced on April 18, 2013, the most recent version of R.C. 2947.23 applies.

under the current version of the statute. Florence was sentenced to 30 days in jail to run concurrently for each offence. Florence was also sentenced to one year probation and alcohol treatment for each offense. Florence was ordered to pay court costs and a $250 fine for obstructing official business and a $100 fine for disorderly conduct. Consequently, the trial court was required to notify Florence that he might be required to perform community service in lieu of paying court costs. Nevertheless, even though the trial court sentenced Florence to a community control sanction and failed to notify him that he could be ordered to perform community service in lieu of paying court costs, this does not affect the ability of the court to require Florence to perform community service pursuant to R.C. 2947.23(A)(1)(b). *State v. Lane*, 12th Dist. Butler No. CA2013-05-074, 2014-Ohio-562, ¶ 37.

{¶ 41} Florence's fourth assignment of error is overruled.

{¶ 42} Judgment affirmed in part, reversed in part, and remanded. The judgment of the trial court is reversed as to sentencing only and the matter is remanded for resentencing. Upon remand, the trial court is instructed to personally address Florence and directly ask him if he wishes to make a statement on his own behalf or present any information in mitigation of punishment before imposing a sentence.

RINGLAND, P.J., and PIPER, J., concur.