[Cite as *State v. Stancato*, 2024-Ohio-2632.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| JOHN STANCATO | : | Case Nos. 2023CA00104 |
| | : | 2023CA00105 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Alliance Municipal
                                       Court, Case Nos. 2023CRB121 &
                                       2023TRD227




JUDGMENT:                              Affirmed




DATE OF JUDGMENT:                      July 11, 2024




APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

ANGEL RUHL                             AARON KOVALCHIK
470 East Market Street                 116 Cleveland Avenue NW
Alliance, OH  44601                    Suite 808

Canton, OH  44702

*King, J.*

{¶ 1}   Defendant-Appellant John Stancato appeals the July 20, 2023 judgment of conviction and sentence of the Alliance Municipal Court. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On January 25, 2023 at approximately 10:30 p.m., Alliance Police Department Officer Christian Tussey initiated a traffic stop of a vehicle driven by Stancato. Officer Tussey stopped Stancato because he observed the window tint on Stancato's vehicle appeared to be illegally dark as well as an obstructed license plate.

{¶ 3}   Officer Tussey approached Stancato's vehicle and found the driver's side window partially down. Tussey introduced himself and explained why he had pulled Stancato over. He then placed his tint meter on Stancato's front driver's side window and confirmed the tint was unlawfully dark. Officer Tussey therefore requested Stancato's license, registration, and proof of insurance. Stancato refused to provide the same. Officer Tussey was having difficulty hearing Stancato due to high winds and the fact that Stancato had only partially rolled his window down. Additionally, due to the dark tint on the window, Tussey could not see into the vehicle to determine if Stancato was the only individual in the vehicle.

{¶ 4}   For officer safety, Tussey therefore asked Stancato to get out of the car. His intention was to continue his conversation with Stancato outside the vehicle, but Stancato repeatedly refused to exit his vehicle. Tussey then decided he was placing Stancato under arrest for obstructing official business. He therefore reached into the vehicle,

unlocked the door, opened it, and pulled Stancato from his vehicle. As he did, Stancato announced he did not have any form of identification on his person.

{¶ 5}   Stancato was subsequently charged with obstructing official business and cited for a window tint violation. He plead not guilty to the charges and elected to proceed to a jury trial which took place on July 20, 2023. Stancato further elected to try the window tint violation to the court. Officer Tussey testified for the state and was the only witness. After hearing the evidence and viewing Officer Tussey's body camera footage, the jury convicted Stancato of one count of obstructing official business. The trial court found Stancato guilty of the window tint violation.

{¶ 6}   Stancato was sentenced to a period of community service and fined.

{¶ 7}   Stancato timely filed an appeal and the matter is now before this court for consideration. He raises two assignments of error as follow:

I

{¶ 8}   "APPELLANT'S CONVICTION WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE."

II

{¶ 9}   "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I, II

{¶ 10} Because they are interrelated, we elect to address Stancato's assignments of error together. In these assignments of error, Stancato argues his conviction for obstructing official business is not supported by sufficient evidence and is against the

manifest weight of the evidence. Specifically, he argues because he committed no overt act which is required to support a conviction for obstructing official business. We disagree.

## Standard of Review

{¶ 11} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).  See also, *State v. Thompkins*, 78 Ohio St.3d 380 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

## Obstructing Official Business

{¶ 12} Stancato was charged with obstructing official business pursuant to R.C. 2921.31(A). That section provides "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any

authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

{¶ 13} Sufficient evidence of the offense of obstructing official business requires a showing that an individual committed an overt act done with an intent to obstruct a public official, such as a police officer, and the act must succeed in actually hampering or impeding the officer. *State v. Davis*, 2017-Ohio-5613, ¶ 37 (2d Dist.). "The proper focus in a prosecution for obstructing official business is on the defendant's conduct, verbal or physical, and its effect on the public official's ability to perform the official's lawful duties." *State v. Henry*, 2018-Ohio-1128, ¶ 55 (10th Dist.), quoting *State v. Wellman*, 2007-Ohio-2953, ¶ 12 (1st Dist.).

{¶ 14} Several districts have found the failure to identify one's self, standing alone, is insufficient to support a conviction for obstructing official business. *State v. Grice*, 2009-Ohio-372 (1st Dist.) at ¶ 9; *State v. Brickner–Latham*, 2006-Ohio-609 (3rd Dist.) at ¶ 26; State v. Collins (1993), 88 Ohio App.3d 291, 294 (1993), overruled in part on other grounds; *State v. McCrone*, 63 Ohio App.3d 831, (9th Dist.1989); *Parma v. Jackson*, 2024-Ohio-575, ¶ 11 (8th Dist.); *Brooklyn v. Kaczor*, 2013-Ohio-2901, ¶ 8 (8th Dist.).

{¶ 15} This court, however, has previously found that needlessly stalling or escalating an investigation is an overt act. *State v. Willey*, 2015-Ohio 4572 ¶ 24 (5th Dist.). Additionally, in *State v. Florence*, 2014-Ohio-2337, ¶ 12 (12th Dist.), the Twelfth District Court of Appeals found interference with an investigation rises to the level of obstructing official business:

For the purposes of an affirmative act, we have previously found that moving away from officers, subjecting officers to verbal abuse, and physically resisting officers was sufficient to convict a defendant of obstructing official business. *State v. Merz*, 12th Dist. Butler No. CA97-05-108, 2000 WL 1051837 (July 31, 2000). Additionally, a defendant's volume and demeanor making it impossible to investigate a complaint has been found sufficient to constitute an act for an obstructing official business conviction. *City of Warren v. Lucas*, 11th Dist. Trumbull No. 99-T-0019, 2000 WL 655446 (May 19, 2000)."

{¶ 16} *Florence* at ¶ 12.

{¶ 17} Further relevant to the facts here, we note that an officer may reasonably ask a driver to exit their vehicle when the officer has probable cause to believe the driver has violated traffic laws. *Pennsylvania v. Mimms*, 434 U.S. 106, 109-111 (1977).

### Analysis

{¶ 18} Here, Officer Tussey initiated a traffic stop of Stancato's vehicle on suspicion that the window tint on the vehicle was unlawfully dark. Transcript of Trial (T.) 59-60. Tussey approached Stancato's driver's side window, which Stancato had rolled down approximately eight inches. T. 60, State's Exhibit A. Tussey noticed Stancato was holding a cell phone, but did not know if he was recording the interaction or talking to someone who might also appear at the scene. T. 60. Tussey introduced himself and explained he had stopped Stancato for a window tint violation and an obscured license

plate. T. 61, State's Exhibit A. As he spoke, Tussey placed his tint meter on Stancato's driver's side window and confirmed the tint was unlawfully dark. T. 61. Officer Tussey asked for Stancato's license, registration, and proof of insurance. Instead of providing that information, Stancato asked if a window tint violation was "a crime or a statute?" Stancato explained there is a law against window tint that is too dark. T. 66. Tussey again asked for Stancato's license, registration, and proof of insurance. Stancato again failed to provide the requested information and instead asked who the victim was. T. 67.

{¶ 19} Because it was windy and Stancato had only partially opened his window, Tussey was having difficulty hearing Stancato. T. 70. Further, due to the hour and the dark window tint, Tussey could not see into the car beyond Stancato. T. 70. Tussey therefore ordered Stancato out of the car for officer safety reasons with the intention of continuing the conversation with Stancato either behind Stancato's car or on the sidewalk. T. 70. But after numerous unfruitful requests wherein Stancato repeatedly yelled he had not committed any crime, Tussey reached into Stancato's vehicle, unlocked the door, and pulled Stancato out of the vehicle. As Tussey reached into the car, Stancato yelled "get out of here." State's Exhibit A.

{¶ 20} Following a valid traffic stop, the business before Officer Tussey was to issue a citation and send Stancato on his way. We find Stancato's argumentative and evasive behavior combined with his refusal to exit his vehicle were overt acts that needlessly stalled and escalated the investigation. Accordingly, we find Stancato's conviction for obstructing official business is supported by sufficient evidence.

{¶ 21} Additionally, upon review of the entire record, we find no evidence to support conclusion that the jury lost its way is so convicting Stancato. We therefore reject Stancato's argument that his conviction is against the manifest weight of the evidence.

{¶ 22} The first and second assignments of error are overruled.

{¶ 23} The judgment of the Alliance Municipal Court is affirmed.


By King, J.,

Gwin, P.J. and

Hoffman, J. concur.