DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Joshua T. Holmes, appeals from a conviction in the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} Akron police officers responded to a complaint of loud noise at a particular residence. Upon arrival, the officers knocked at the door, Mr. Holmes opened the door, and a brief conversation ensued through the partially opened doorway. When Mr. Holmes attempted to close the door, one of the officers placed his foot in the doorway, blocking it. In response, Mr. Holmes forced the door, painfully trapping the officer's leg in between, and causing the officers to force the door, enter the dwelling, and forcibly arrest the resisting Mr. Holmes.
 {¶ 3} Mr. Holmes was charged with two counts of assault on a police officer, in violation of R.C. 2903.13(C)(3), fourth degree felonies; obstructing official business, in violation of R.C. 2921.31, a second degree misdemeanor; and resisting arrest, in violation of R.C. 2921.33(A), a second degree misdemeanor. Mr. Holmes pled not guilty, and moved to suppress evidence obtained from the warrantless entry of the home, including testimony by the officers of the physical altercation. The court denied the motion and the case proceeded to trial.
 {¶ 4} The State dismissed the charge of resisting arrest. On the other charges, the jury acquitted Mr. Holmes of the two counts of assault, but convicted him of obstructing official business. Mr. Holmes timely appealed, asserting three assignments of error for review.
 II. A. First Assignment of Error
"The defendant's conviction was against the manifest weight of the evidence."
 Second Assignment of Error
"The court improperly denied defendant's motion for acquittal Per Crim. Rule 29."
 {¶ 5} Mr. Holmes asserts that the State failed its burden of proving all the elements of the charge against him, resulting in a verdict that was insufficient as a matter of law and against the manifest weight of the evidence. We disagree.
 {¶ 6} Reversal on manifest weight grounds is reserved for the exceptional case where the evidence demonstrates that the "trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." State v. Otten (1986),33 Ohio App.3d 339, 340. Accord State v. Thompkins (1997),78 Ohio St.3d 380, 387. A conviction may be upheld even when the evidence is susceptible to some possible, plausible, or even reasonable theory of innocence. See State v. Jenks (1991), 61 Ohio St.3d 259, 272. Similarly, on conflicting testimony, "a conviction is not against the manifest weight of the evidence simply because the [trier of fact] believed the prosecution testimony." State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757, at 4.
 {¶ 7} Sufficiency of the evidence and weight of the evidence are legally distinct issues. Thompkins, 78 Ohio St.3d at 386. The test for sufficiency is whether the prosecution met its burden of production; manifest weight tests whether the prosecution met its burden of persuasion. Id. at 386-88. A finding that a conviction is supported by the weight of the evidence necessarily includes a finding of sufficiency. See id. at 388. "Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4.
 {¶ 8} Mr. Holmes was convicted of obstructing official business, for his resistance to the officer's forcible and warrantless entry. Obstructing official business is enforced as:
"No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties." R.C. 2921.31(A).
 {¶ 9} In the present case, the State demonstrated that by closing the door on the officer, Mr. Holmes obstructed the investigation of the loud noise complaint. Mr. Holmes insists that he acted within his rights and that the evidence brought forth at trial demonstrates as much; so much so that the jury's contrary finding is a miscarriage of justice indicative of the jury losing its way.
 {¶ 10} At trial, the jury heard testimony from 13 witnesses. The State produced eight witnesses, including police officers, investigators, and police personnel. Mr. Holmes produced five additional witnesses, including neighbors and his wife. Upon acknowledging that such extensive testimony will inevitably produce some inconsistent or conflicting assertions, we recognize the sound principal that the trier of fact is best positioned to weigh the credibility of the individual witness and reach a conclusion based on the totality of the evidence. See State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 11} Based on our review of the trial transcript and the record, we must conclude that the mere fact that the jury chose to disbelieve the defense theory of the encounter and instead chose to believe the State's version is insufficient to find that the jury lost its way or created a manifest miscarriage of justice. See Gilliam, at 4; Otten,33 Ohio App.3d at 340; Thompkins, 78 Ohio St.3d at 387. We conclude that the conviction is not against the manifest weight of the evidence, and therefore, not lacking for sufficiency either. See Roberts, at 4. Mr. Holmes' first and second assignments of error are overruled.
 B. Third Assignment of Error
"The police illegally entered defendant's residence and any `observations' by police to form basis of indictment should be suppressed."
 {¶ 12} Mr. Holmes asserts that the trial court erred in admitting evidence derived from the warrantless entry. We disagree.
 {¶ 13} A motion to suppress evidence under the Fourth Amendment involves mixed questions of law and fact. Ornelas v. United States
(1996), 517 U.S. 690, 696-97, 134 L.Ed.2d 911; State v. Booth,151 Ohio App.3d 635, 2003-Ohio-829, at ¶ 12. Therefore, this Court grants deference to the trial court's findings of fact, but conducts a de novo review of whether the trial court applied the appropriate legal standard to those facts. Id. The State contends that the Fourth Amendment does not govern the admissibility of "observations" made by the officers, regardless of the legality of the entry into the home. As the trial court stated, these observations are not evidence to be seized, but rather, "independent volitional acts which in themselves constitute criminal behavior." See State v. Taylor (Oct. 22, 1997), 9th Dist. No. 96CA006592, at 6. See, also, United States v. Conner (C.A.7, 1973),478 F.2d 1320, 1323. This assignment of error is overruled.
 III. {¶ 14} Mr. Holmes' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J. concurs in judgment only.