DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, William Joshua Sloan, appeals the Wadsworth Municipal Court's denial of his motion to suppress. This Court reverses.
 I. {¶ 2} Appellant was charged with one count of obstructing official business in violation of R.C. 2921.31, a misdemeanor of the second degree; one count of use or possession of drug paraphernalia in violation of Wadsworth C.O. 138.13(c)(1), a misdemeanor of the fourth degree; one count of unreasonable noise in violation of Wadsworth C.O. 132.14, a minor misdemeanor; and one count of possession of a controlled substance in violation of Wadsworth C.O. 138.03(a), a misdemeanor of the first degree. Appellant entered pleas of not guilty to all four counts.
 {¶ 3} Appellant filed a motion to suppress the evidence and dismiss the obstructing charge. The trial court held a hearing on appellant's motion and subsequently denied the motion.
 {¶ 4} On December 28, 2004, appellant withdrew his previous not guilty pleas and entered pleas of no contest to all four counts. The trial court found appellant guilty and imposed sentence. Appellant timely appeals the trial court's denial of his motion, raising one assignment of error for review.[1]
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE POLICE OFFICER'S ACTIONS DID NOT VIOLATE THE DEFENDANT'S FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE."
 {¶ 5} Appellant argues that the trial court erred by finding that the police rightfully arrested appellant for obstructing official business, because appellant wrongfully prevented the officer from issuing a citation. This Court agrees.
 {¶ 6} "The review of a motion to suppress presents a mixed question of fact and law for an appellate court." State v. Farris, 9th Dist. No. 03CA0022, 2004-Ohio-826, at ¶ 7; State v. Long (1998),127 Ohio App.3d 328, 332. This Court must accept the trial court's factual determinations made during the suppression, so long as they are supported by competent and credible evidence. Farris at ¶ 7; State v.Robinson (Oct. 25, 2000), 9th Dist. No. 19905. This Court, however, must review the trial court's application of the law to those facts de novo.Farris at ¶ 7; State v. Searls (1997), 118 Ohio App.3d 739, 741.
 {¶ 7} The Fourth Amendment to the United States Constitution provides in part that "[t]he right of the people to be secure in their persons * * * against unreasonable searches and seizures, shall not be violated[.]" Section 14, Article I of the Ohio Constitution mirrors this provision.
 {¶ 8} Patrolman Kathleen Sipos of the Wadsworth Police Department was called to the area of appellant's home regarding a noise complaint. Upon arrival in the vicinity, Patrolman Sipos discussed the complaint with a neighbor before proceeding to appellant's home. Patrolman Sipos testified that she heard loud music coming from one of the lower apartments in the building in which appellant lived. She testified that she knocked on appellant's front door and that appellant answered the door and told her to meet him at the back door. Out of concern for her safety, Patrolman Sipos refused to meet appellant at the back door and requested that appellant step outside to talk. Appellant refused, and started to shut the door. Patrolman Sipos testified that she grabbed and twisted the doorknob and slammed her side into the door in an effort to prevent appellant from closing the door. Patrolman Sipos testified that she could not remember whether she informed appellant about the call for the loud music before or just after appellant closed his door. Appellant conceded that the officer mentioned the noise complaint at some time. There is no evidence to indicate that the officer mentioned her intention to issue a citation regarding the loud music prior to appellant's closing the door.
 {¶ 9} After appellant closed his front door, Patrolman Sipos called for backup and continued to talk to appellant through the door. Ultimately, appellant joined the officer outside to discuss the noise violation. Patrolman Sipos further informed appellant that he had obstructed her official business by his earlier actions, and she placed him under arrest.
 {¶ 10} Patrolman Sipos and the backup officer Patrolman Andrew Blubaugh placed appellant in the patrol car. Both officers testified that appellant requested that one of the officers enter his apartment and get his medication for his bipolar condition. Appellant disputes that he asked the officers to enter his home to get any medication, but the trial court did not find appellant's assertions in that regard to be credible.
 {¶ 11} Both Patrolman Sipos and Patrolman Blubaugh testified that they had no need to enter appellant's apartment and that they would not have entered the apartment, but for appellant's request that they do so to retrieve his medication.
 {¶ 12} Patrolman Blubaugh testified that appellant refused to tell him where to find the medication. The officer testified that he, therefore, planned to look in areas where he would expect someone to keep medicine that must be taken on a regular basis, for example in a bathroom medicine cabinet or on a table. He testified that he entered the apartment and, as was his usual protocol, immediately scanned the area for anything that might pose a threat to him or his partner. During the security scan, Patrolman Blubaugh noticed "green vegetable material" on a coaster on a table and the casing of an ink pen, which had been used as a smoking device. Based on that finding, appellant was charged with possession of drugs and drug paraphernalia.
 {¶ 13} Appellant argues that he was privileged to close his door on Patrolman Sipos, so that she improperly arrested him for obstruction of official business. Because the officers had no authority to arrest appellant under the circumstances, he argues that the subsequent search of his home which lead to his drug charges violated his Fourth Amendment right to be free from unreasonable searches and seizures. This Court agrees.
 {¶ 14} The defendant was convicted of obstructing official business, pursuant to R.C. 2921.31(A), which states:
"No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."
 {¶ 15} Specifically, appellant argues that he was privileged to refuse access to Patrolman Sipos, when she was investigating the noise complaint, so that his closing the door cannot form the basis of the charge of obstructing official business.
"The United States Supreme Court has repeatedly held * * * that searches and seizures inside a home without a warrant are presumptively unreasonable. An occupant can act on that presumption and refuse admission. The Fourth Amendment gives him a constitutional right to refuse to consent to entry and search. The assertion of that right cannot be a crime." (Citations omitted). Middleburg Hts v. Theiss (1985),28 Ohio App.3d 1, 4.
This Court has subscribed to such a view and held that the initial consent involved in opening a door can be revoked by a defendant through the privilege against unreasonable searches. State v. Cummings (Jan. 16, 2002), 9th Dist. No. 20609.
 {¶ 16} To the extent that this Court took a contrary stance in Statev. Holmes, 9th Dist. No. 22174, 2005-Ohio-1632, we have since returned to our original holding in Cummings. See Akron v. Calloway, 9th Dist. No. 22018, 2005-Ohio-4095, at ¶ 17. Accordingly, in closing the door, appellant asserted his privilege to refuse entry to the officer, and the officers lacked probable cause to arrest appellant for obstructing official business.
 {¶ 17} As a result, the State failed to prove beyond a reasonable doubt that appellant was acting without privilege when he closed the door. Id. at ¶ 20. While an unlawful arrest does not per se invalidate a consent to search, we find that under the circumstances presented, the evidence seized from appellant's home must be excluded. See State v.Nathan, (Nov. 16, 2001), 2d Dist. No. 18911.
 {¶ 18} The question presented following our holding that appellant's arrest was unlawful is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." (Citation omitted.)Wong Sun v. United States (1963), 371 U.S. 471, 488, 9 L.Ed.2d 441. From the record, there is no question that appellant's consent to search for his medication came as a result of the exploitation of his unlawful arrest. Accordingly, the drugs recovered from his home are "fruit of the poisonous tree" and the trial court erred in denying appellant's motion to suppress. Appellant's sole assignment of error is sustained.
 III. {¶ 19} Appellant's assignment of error is sustained. The judgment entry of the Wadsworth Municipal Court, which denied appellant's motion to suppress and dismiss the charges, is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellee.
Exceptions.
Whitmore, P.J., Moore, J., concurs.
[1] Appellant moved the trial court for a stay of execution of his sentence pending appeal. The trial court granted the stay.