JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Jeffrey Jankite appeals his conviction for assault on a peace officer and aggravating menacing. After a thorough review of the record and for the reasons set forth below, we affirm.
 {¶ 2} On November 23, 2005, the Cuyahoga County Grand Jury indicted appellant on three counts of assault on a peace officer, in violation of R.C. 2903.13, and one count of aggravating menacing, in violation of R.C. 2903.21. On September 18, 2006, the court held a hearing on appellant's motion to suppress. On that same date, the court denied appellant's motion, and a bench trial commenced. After the prosecution rested, appellant moved for acquittal under Crim.R. 29, and the court granted acquittal as to count one, assault on peace officer. On October 3, 2006, the court found appellant guilty on the two remaining counts of assault on a peace officer and one count of aggravating menacing.
 {¶ 3} On November 9, 2006, appellant was sentenced to six months in jail for the misdemeanor charge and five years of community controlled sanctions for the other two counts. The jail term was suspended. On December 5, 2006, appellant filed this notice of appeal.
 {¶ 4} The facts that give rise to this appeal occurred on August 30, 2005. Lakewood police responded to a call at Panini's Restaurant in Lakewood, Ohio. The alleged victim identified appellant as her attacker. Furthermore, another witness identified the car appellant was driving as being involved in a hit-and-skip in the *Page 4 
parking lot. Lakewood police officers, Richard Alvarez and Donald Mladek, took information as to appellant's address from the victim, who was appellant's girlfriend at the time. Officers Alvarez and Mladek went to appellant's house.
 {¶ 5} At the suppression hearing, Officer Alvarez testified that he rang the doorbell to advise the residents that they were investigating a hit-and-skip and assault. Officer Mladek testified he walked up the driveway to look for the vehicle that was involved in the hit-and-skip. Both Officers Mladek and Alvarez testified that appellant exited the house and threatened to shoot them if they did not get away from his car. Officer Mladek testified he drew his gun, and appellant ran back inside the house. The officers testified that appellant proceeded to yell obscenities at them from the back door. Appellant denies threatening or taunting the officers.
 {¶ 6} Next Joseph Jankite, father of appellant, and Joe Jankite, appellant's brother and a co-defendant in this case, went outside to talk with the officers. At the same time, appellant came into the backyard again. Officer Alvarez testified that he grabbed appellant's arm in order to arrest him for menacing a police officer, and they began to struggle. Officer Alvarez testified that as appellant pulled to get away from him, the two men fell inside the doorway and into the vestibule of the house. Officer Alvarez then testified that appellant's brother and father intervened in the struggle, and Officers Mladek and Pickens entered the house to assist him. Officer Alvarez testified that he and appellant fell down the basement steps, where he ultimately arrested appellant. Appellant denies that he pulled Officer Alvarez into the house. *Page 5 
 {¶ 7} Appellant's sole assignment of error states:
 {¶ 8} "The trial judge erred in overruling a defense motion to suppress statements obtained as a result of an improper warrantless arrest of the appellant in his residence."
 {¶ 9} Appellant argues that the trial court should have granted his motion to suppress any evidence obtained by the police after they arrested him in his home without a warrant. We find that appellant's argument fails for two reasons.
 {¶ 10} The standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. State v. Lloyd (1998), 126 Ohio App.3d 95; see, also,State v. Winand (1996), 116 Ohio App.3d 286, 688 N.E.2d 9, citingTallmadge v. McCoy (1994), 96 Ohio App.3d 604, 645 N.E.2d 802. "* * * This is the appropriate standard because `in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.' State v. Hopfer (1996),112 Ohio App.3d 521, 679 N.E.2d 321. However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard." Id.
 {¶ 11} The police officers in this case did not make a warrantless entry of appellant's home in the manner which is protected by the Fourth Amendment. The Fourth Amendment states that "[t]he right of the people to be secure in their *Page 6 
persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause * * *. Furthermore, the physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." City of Middletown v. Flinchum (2002), 95 Ohio St.3d 43,765 N.E.2d 330. However, the court also made it clear that a "suspect may not avoid arrest simply by outrunning pursuing officers and finding refuge in her home." Id., citing United States v. Santana (1976),427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300.
 {¶ 12} In addition, a police officer may not make an arrest on a misdemeanor without a warrant unless the offense is committed in the presence of the arresting officer. R.C. 2935.03, State v. Mathews
(1976), 46 Ohio St.2d 72, 346 N.E.2d 151. At the suppression hearing Officer Alvarez testified that he witnessed appellant threaten to shoot him and Officer Mladek. On the basis of this threat, Officer Alvarez attempted to arrest appellant for aggravated menacing, a misdemeanor. The court found that the police attempted to arrest appellant in the backyard and only entered the home when appellant dragged Officer Alvarez through the back doorway.
 {¶ 13} Officer Alvarez was not required to obtain a warrant under the circumstances in which he found himself at appellant's house. Officer Alvarez testified at the suppression hearing that, in his lawful attempt to arrest appellant, appellant pulled him inside the house, through the back door, and into the vestibule. There was no conflicting testimony at the suppression hearing as to how the police *Page 7 
officer gained entry into appellant's house. The court found sufficient evidence to support Officer Alvarez's account of the facts that the arrest of appellant began in the backyard and ended in the house.
 {¶ 14} Since this was not an incident of a warrantless entry, and appellant's arrest was legal, any evidence the officers obtained was admissible under the Supreme Court's holding in Kaupp v. Texas (2003),538 U.S. 626, 123 S.Ct. 1843, 155 L.Ed.2d 814 (any evidence obtained as a result of an illegal arrest is inadmissible).
 {¶ 15} In addition, the Fourth Amendment does not govern the admissibility of observations made by police officers, regardless of the legality of the entry into the home. State v. Holmes, Summit App. No. 22174, 2005-Ohio-1632. These observations are not evidence to be seized, but rather "independent volitional acts which in themselves constitute criminal behavior." Id., citing State v. Taylor (Oct. 22, 1997), 9th District App. No. 96CA006592. Appellant did not make any statements to the police after his arrest, so appellant cannot point to any evidence that was seized that should not have been admitted. Only the police officers' observations about what occurred inside the home pursuant to their lawful arrest and entry were introduced at trial. In fact, the trial court noted at the suppression hearing when it denied appellant's motion that no practical evidence was seized during the arrest. *Page 8 
 {¶ 16} Since we hold that appellant's arrest was lawful, and there was no practical evidence from the entry into appellant's home that was wrongly admitted at trial, appellant's assignment of error is overruled.
 {¶ 17} The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
 PATRICIA ANN BLACKMON, J., and ANN DYKE, J., CONCUR *Page 1