JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Joseph Jankite ("defendant"), appeals from a conviction in the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm in part, reverse in part and remand.
 {¶ 2} On August 30, 2005, Lakewood police officers responded to a complaint of assault at Panini's restaurant in Lakewood, Ohio. The victim identified defendant's brother, Jeffrey Jankite ("Jeffrey"), as the attacker. The police officers also learned that the vehicle in which Jeffrey had left the scene may have been involved in a hit-skip with another vehicle in the Panini's parking lot. The victim, who was the girlfriend of Jeffrey at the time of the incident, gave the officers Jeffrey's home address, where he resided with defendant and their parents.
 {¶ 3} Upon arrival at Jeffrey's residence, Officer Richard Alvarez ("Officer Alvarez") testified that he rang the doorbell to advise the residents of the home that they were investigating a hit-skip and an assault. Officer Donald Mladek ("Officer Mladek") testified that he walked up the driveway to look for the vehicle allegedly involved in the hit-skip. Officer Mladek testified that Jeffrey came outside the house and threatened to shoot him if he did not get away from his car. In response, Officer Mladek drew his gun and Jeffrey ran inside the house. The officers testified that after Jeffrey ran inside, he stood inside the screen door yelling obscenities and taunting them. Jeffrey denied yelling at the officers or threatening Officer Mladek. *Page 4 
 {¶ 4} Joseph M. Jankite ("Joseph"), the father of both defendant and Jeffrey, went outside to talk to the officers. At the same time, Jeffrey went outside again. Officer Alvarez grabbed Jeffrey's arm, with the intent to arrest him for menacing a police officer, and a struggle ensued. Officer Alvarez testified that Jeffrey pulled away from him and they both fell into the doorway. Officer Alvarez testified that Joseph and defendant intervened in the struggle and that defendant kicked him in the stomach. Officer Mladek and Officer Robert Pickens ("Officer Pickens") testified that they entered the house at this point to assist Officer Alvarez.
 {¶ 5} The officers then testified that defendant pushed Officer Alvarez and took a swing at Officer Pickens. The officers testified that they needed to use pepper spray and their batons to subdue defendant, Jeffrey, and Joseph. Officer Mladek testified that he attempted to arrest defendant but defendant ran upstairs. Officer Mladek testified that he found defendant inside the bathroom, where he then proceeded to arrest him.
 {¶ 6} On November 23, 2005, defendant was charged with three counts of assault on a peace officer, in violation of R.C. 2903.13(C)(3). Defendant pled not guilty, and moved to suppress evidence obtained from the warrantless entry of the home, including testimony by the officers of the physical altercation. The court denied the motion and the case proceeded to a bench trial.
 {¶ 7} The trial court dismissed one count of assault on a peace officer. On the other charges, the trial court found defendant guilty of assault on a peace officer *Page 5 
and resisting arrest. Defendant timely appealed, asserting three assignments of error for review.
 {¶ 8} "I. The trial court erred in denying appellant's motion to suppress the evidence against him when the police officers unlawfully entered his home to arrest his brother for a misdemeanor offense."
 {¶ 9} In his first assignment of error, defendant asserts that the trial court erred in admitting evidence derived from the officers' warrantless entry into his house.
 {¶ 10} A motion to suppress evidence under the Fourth Amendment involves mixed questions of law and fact. Ornelas v. United States
(1996), 517 U.S. 690, 696-97; State v. Booth, 151 Ohio App.3d 635,2003-Ohio-829. Therefore, we grant deference to the trial court's findings of fact, but conduct a de novo review of whether the trial court applied the appropriate legal standard to those facts. Id. The Fourth Amendment does not govern the admissibility of "observations" made by police officers, regardless of the legality of the entry into the home. State v. Holmes, Summit App. No. 22174, 2005-Ohio-1632. These observations are not evidence to be seized, but rather, "independent volitional acts which in themselves constitute criminal behavior." Id., citing State v. Taylor, 9th Dist. No. 96CA006592, 1997 Ohio App. LEXIS 4689, at 6 and United States v. Conner (C.A.7, 1973), 478 F.2d 1320,1323. *Page 6 
 {¶ 11} Here, the police officers witnessed defendant's brother Jeffrey committing a misdemeanor, to wit: aggravated menacing of a police officer. Officer Mledak attempted to arrest Jeffrey outside the home but was pulled inside the house by Jeffrey. The officers' observations of what occurred during the incident is not "evidence" that was seized during the arrest. Indeed, no evidence was seized from the home at all.
 {¶ 12} The first assignment of error is overruled.
 {¶ 13} "II. The trial court erred in finding appellant guilty of the lesser included offense of resisting arrest when resisting arrest is not a lesser included offense of assault."
 {¶ 14} In his second assignment of error, defendant asserts that the trial court erred when it found him guilty of resisting arrest, since resisting arrest is not a lesser included offense of assault. The State concedes this assignment of error. Accordingly, Assignment of Error II is sustained.
 {¶ 15} "III. The court's decision finding the appellant guilty of resisting arrest and assault of a peace officer was against the manifest weight of the evidence."
 {¶ 16} In his third assignment of error, defendant argues that his convictions for resisting arrest and assault on a peace officer are against the manifest weight of the evidence. This issue is moot with regard to the count of resisting arrest as explained above. Accordingly, we will only address whether defendant's conviction for assault on a peace officer is against the manifest weight of the evidence. *Page 7 
 {¶ 17} Reversal on manifest weight grounds is reserved for the exceptional case where the evidence demonstrates that the "trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." State v. Otten (1986),33 Ohio App.3d 339, 340; State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. A conviction may be upheld even when the evidence is susceptible to some possible, plausible, or even reasonable theory of innocence. See State v. Jenks (1991), 61 Ohio St.3d 259, 272. Similarly, on conflicting testimony, "a conviction is not against the manifest weight of the evidence simply because the [trier of fact] believed the prosecution testimony." State v. Holmes, Summit App. No. 22174,2005-Ohio-1632; State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757.
 {¶ 18} Here, defendant was convicted of assault on a peace officer. R.C. 2903.13 (C)(3) defines the offense of assault on a peace officer, in pertinent part, as "knowingly causing or attempting to cause physical harm to * * * a peace officer * * * while in the performance of their official duties."
 {¶ 19} Here, the State demonstrated that defendant assaulted a police officer, who was in the process of arresting his brother for menacing. Specifically, the evidence showed that defendant kicked Officer Mledak and pushed him while Officer Mledak was attempting to subdue Jeffrey. Defendant insists that he did not do anything wrong and was merely trying to dodge the blows of the police officers, who barged into his house. Defendant claims that he was beaten by the police officers. *Page 8 
 {¶ 20} At trial, the court heard testimony from 14 witnesses. The State produced eight witnesses, including police officers, investigators, and police personnel. Defendant produced six additional witnesses, including the bartender and his family. Upon acknowledging that such extensive testimony will inevitably produce some inconsistent or conflicting assertions, we recognize the sound principal that the trier of fact is best positioned to weigh the credibility of the individual witness and reach a conclusion based on the totality of the evidence. See State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 21} Upon careful review of the testimony and evidence presented at trial, we conclude that the mere fact that the trial court chose to believe the State's version of the events and disbelieve the defense theory of the incident is insufficient to find that the trial court lost its way or created a manifest miscarriage of justice. SeeGilliam, supra at 4; Otten, supra at 340; Thompkins, supra at 387. Accordingly, we find that the conviction for assaulting a peace officer is not against the manifest weight of the evidence.
 {¶ 22} The third assignment of error is overruled.
 {¶ 23} Judgment affirmed in part; reversed in part and remanded to vacate the conviction for resisting arrest.
It is ordered that appellant and appellee share equally their costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, J., and MARY EILEEN KILBANE, J., CONCUR. *Page 1