[Cite as *State v. Santiago*, 2016-Ohio-547.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2015-03-046 |
| | : | O P I N I O N |
| - vs - | | 2/16/2016 |
| | : | |
| LUCIA SANTIAGO, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY AREA II COURT
Case No. CRB 1400779

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Fl., Hamilton, Ohio 45011, for plaintiff-appellee

Dever Law Firm, Scott A. Hoberg, 9146 Cincinnati-Columbus Road, West Chester, Ohio 45069, for defendant-appellant

**RINGLAND, J.**

{¶ 1}   Defendant-appellant, Lucia Santiago, appeals a decision of the Butler County Area II Court convicting her of obstructing official business.  For the reasons outlined below, we affirm.

{¶ 2}   On the evening of March 25, 2014, two officers from the Fairfield Township Police Department visited appellant's trailer to serve an arrest warrant on a male whose last

known residence was at that address. Officer Roger Gilbert approached the front door while Officer Caleb Payne secured the trailer at the rear. Upon knocking on the door, Officer Gilbert heard what sounded like multiple people quickly moving about inside.

{¶ 3} When appellant came to the door, Officer Gilbert asked whether the man who was the subject of the warrant was there. Appellant replied in the negative. Officer Payne, situated near a rear window, radioed that he could see an unidentified male squatting in the corner of the room. Officer Gilbert asked appellant if this individual was the man they were looking for. She said "no," and shut the door. Thereafter, appellant repeatedly dialed 9-1-1 and claimed that the officers were harassing her. After ignoring the officers' directives to cease dialing the emergency number, appellant was arrested.

{¶ 4} Appellant was indicted on one count of obstructing official business in violation of R.C. 2921.31, a second-degree misdemeanor. Following a bench trial, she was found guilty and sentenced. This appeal followed.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY, AS THE FINDING WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS CONTRARY TO LAW.

{¶ 7} Appellant contends that the evidence was insufficient to support her conviction for obstructing official business, and that her conviction was against the manifest weight of the evidence.

{¶ 8} The concepts of sufficiency of the evidence and weight of the evidence are legally distinct. *State v. Wright*, 12th Dist. Butler No. CA2012-08-152, 2014-Ohio-985, ¶ 10. Nonetheless, as this court has repeatedly observed, a finding that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19. "Because sufficiency is

- 2 -

required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." *State v. Hart*, 12th Dist. Brown No. CA2011-03-008, 2012-Ohio-1896, ¶ 43.

{¶ 9} A manifest weight challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett,* 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. In assessing whether a conviction is against the manifest weight of the evidence, a reviewing court scrutinizes the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶ 10} Although appellate review contemplates the credibility of witnesses and weight afforded to the evidence, resolution of issues arising therefrom typically falls within the purview of the trier of fact. *State v. Barnes*, 12th Dist. Brown No. CA2010-06-009, 2011-Ohio-5226, ¶ 81. Thus, an appellate court will overturn a conviction on manifest weight grounds only in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of acquittal. *Barnes* at ¶ 81*,* citing *Thompkins*, 78 Ohio St.3d at 387.

{¶ 11} Appellant was convicted of obstructing official business in violation of R.C. 2921.31. Subsection (A) of the statute proscribes the following conduct:

> No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

{¶ 12} The statute requires some affirmative act on the part of the perpetrator. *State v. Jones*, 12th Dist. Brown No. CA2015-05-014, 2016-Ohio-67, ¶ 20. "The proper focus in a

prosecution for obstructing official business is on the defendant's conduct, verbal or physical, and its effect on the public official's ability to perform his lawful duties." *State v. Standifer*, 12th Dist. Warren No. CA2011-07-071, 2012-Ohio-3132, ¶ 28. In order for a conviction to be upheld, the evidence must show "that a defendant actually interfered with the performance of an official duty and made it more difficult." *Id.*

{¶ 13} Upon thoroughly reviewing the record, we find that appellant's conviction for obstructing official business was not contrary to the weight of the evidence. First, police were seeking to perform the official duty of serving an arrest warrant on an individual they reasonably believed to be inside the trailer. The residence was the suspect's last known address. *Compare State v. Shaffer*, 8th Dist. Cuyahoga No. 93948, 2010-Ohio-1744, ¶ 18. When Officer Gilbert knocked on the front door, he heard multiple individuals running around inside the trailer. In addition, Officer Payne observed a man hiding in a rear room of the trailer who had opened a window in that room.

{¶ 14} While eventually a minor male came out and identified himself as appellant's son, the evidence suggests that this was not the same individual hiding in the rear room of the trailer. If appellant's son was in fact the crouching male observed by Officer Payne, appellant never allayed the officers' suspicions by simply stating as such. Instead, she consistently refused to identify the hidden man, compounding the officers' suspicion that he was indeed the subject of the arrest warrant.

{¶ 15} Next, we find that the record contains credible evidence to support that appellant acted with purpose to prevent, obstruct, or delay the officers in serving the arrest warrant. "The purpose with which a person does an act is determined from the manner in which it is done, the means used, and all the other facts and circumstances in evidence." *State v. Hardin*, 16 Ohio App.3d 243, 245 (10th Dist.1984). Appellant actively blocked all efforts on the part of the officers to identify the hidden man. *State v. Wellman*, 173 Ohio

App.3d 494, 2007-Ohio-2953, ¶ 13 (1st Dist.). She angrily demanded that the officers leave the premises, refused to identify the crouching individual, and would not ask him to exit the trailer. Instead, she flooded 9-1-1 dispatch with calls in an effort to thwart the officers' attempts to ascertain the man's identity. *See id. See also State v. Wilson*, 5th Dist. Ashland No. 08-CA-38, 2009-Ohio-3833, ¶ 28.

{¶ 16} When the officers urged appellant to cooperate, she became belligerent. *State v. Florence*, 12th Dist. Butler No. CA2013-08-148, 2014-Ohio-2337, ¶ 13; *State v. Roy*, 12th Dist. Butler No. CA2009-06-168, 2010-Ohio-2540, ¶ 32; *Wellman* at ¶ 13. On orders from dispatch, one of the officers eventually seized appellant's cell phone. She re-emerged from the trailer, new phone in hand, and recommenced dialing 9-1-1. Appellant's blatant defiance refutes her claim that she dialed the emergency number out of fear. Rather, an encounter that could have been over in minutes was extended to an hour as a result of appellant's disruptive actions. Due to the commotion, the officers felt compelled to leave the scene after appellant's arrest. They were never able to speak to the crouching man or observe whether he eventually exited the residence. *Standifer*, 2012-Ohio-3132 at ¶ 28.

{¶ 17} Finally, appellant cannot invoke the legal concept of privilege to escape her conviction. "'Privilege' in the context of R.C. 2921.31 refers to a positive grant of authority entitling one to deliberately obstruct or interfere with a police officer performing his lawful duty." *State v. Stayton*, 126 Ohio App.3d 158, 163 (1st Dist.1998). Under the circumstances, it may or may not have been appellant's privilege to refuse the police entry into her home. *Middleburg Hts. v. Theiss*, 28 Ohio App.3d 1, 4 (8th Dist.1985). Regardless, appellant was not privileged to impede the officers' attempt to execute an arrest warrant on an individual they reasonably believed to be on the premises. *State v. Pembaur*, 9 Ohio St.3d 136, 138 (1984).

{¶ 18} Contrary to appellant's assertions, the actus reus underlying her conviction was

not her refusal to allow the officers into her home without a search warrant. *See, e.g., Lakewood v. Simpson*, 8th Dist. Cuyahoga No. 80383, 2002-Ohio-4086 (reversing a conviction for obstructing official business solely based upon the accused's momentary attempt to impede police entry into his apartment after dialing 9-1-1 one time); *State v. Sloan*, 9th Dist. Medina No. 05CA0019-M, 2005-Ohio-5191 (reversing a conviction for obstructing official business where an individual merely closed his door on a police officer investigating a noise complaint). Rather, the acts which constituted obstructing official business included appellant's intentional hindrance of the execution of the arrest warrant, her refusal to cooperate by identifying the hidden occupant of the trailer, and her act of repeatedly dialing 9-1-1 in an effort to force the police officers to leave.

{¶ 19} In sum, the evidence in the record supports that appellant purposely hampered or impeded the officers' attempt to perform an official duty without privilege to do so. We hold that appellant's conviction for obstructing official business was not against the manifest weight of the evidence. This finding is dispositive of appellant's argument regarding sufficiency of the evidence. *Jones*, 2013-Ohio-150 at ¶ 19. Accordingly, appellant's sole assignment of error is overruled.

{¶ 20} Judgment affirmed.

PIPER, P.J., and S. POWELL, J., concur.