[Cite as *State v. Latimore*, 2016-Ohio-2989.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                          :               CASE NO.   CA2015-09-175

                                    :                O P I N I O N
  - vs -                                                                       5/16/2016

                                      :

MICHAEL A. LATIMORE,                       :

    Defendant-Appellant.                        :

CRIMINAL APPEAL FROM MIDDLETOWN MUNICIPAL COURT
Case No. 14 CRB 04879

Ashley Bretland, Middletown City Prosecutor, One Donham Plaza, Middletown, Ohio 45042, for plaintiff-appellee

David Chicarelli, 614 East Second Street, Franklin, Ohio 45005, for defendant-appellant

**RINGLAND, J.**

{¶ 1}   Defendant-appellant, Michael A. Latimore, appeals his conviction in the Middletown Municipal Court for voyeurism.  We affirm appellant's conviction.

{¶ 2}   Appellant is the boyfriend of the mother of S.W., a 13-year-old girl.  In August 2014, S.W. had been playing outside with her siblings, when appellant called her inside to take a shower.  Once S.W. was in the bathroom to shower and had removed her clothes, she reached for a razor and noticed appellant's smartphone leaning against a basket, pointing

towards her, and recording. She retrieved the phone, confirmed it was recording her, stopped and deleted the recording, put her clothes back on, and confronted appellant. Appellant merely yelled at her and told her never to touch his phone again.

{¶ 3} S.W. related the incident to her father, who in turn, filed a complaint with the Middletown Police Department. Police went to appellant's home to speak with him about the incident. At first, appellant provided the police with a false first name (i.e., his brother's), but shortly thereafter, gave them his actual first name. Appellant was taken to the Middletown Police Department where he submitted to a polygraph which indicated deception in his responses to questions regarding recording S.W. in the bathroom. The police also observed that appellant attempted to manipulate the results of the polygraph through breathing techniques. Appellant was also interviewed by police after he received his *Miranda* warnings. At first, appellant denied using his smartphone to videotape S.W. in the bathroom, telling police at one point that he did not videotape S.W. in the bathroom because he knew she would be naked in the bathroom. However, he eventually admitted to police he used his smartphone to record S.W. in the bathroom, but insisted he did so merely to see if she was stealing money and various items from the household.

{¶ 4} Appellant was charged with voyeurism in violation of Middletown Codified Ordinance ("M.C.O.") 666.05(d), a first-degree misdemeanor, and obstructing official business in violation of M.C.O. 606.14(A), a second-degree misdemeanor. A trial was held in Middletown Municipal Court. At the conclusion of the state's case, the trial court granted appellant's motion for acquittal of the obstructing-official-business charge, but overruled his motion for acquittal of the voyeurism charge. At the close of evidence, the trial court found appellant guilty of voyeurism in violation of M.C.O. 666.05(d). The trial court sentenced appellant to 90 days in jail and fined him $250 in court costs, with the jail sentence suspended on the condition that appellant not reoffend and that he not have any contact with

S.W.  The trial court also ordered appellant to register as a Tier I sex offender for 15 years.

{¶ 5}  Appellant now appeals and assigns the following as error:

{¶ 6}  THE TRIAL COURT ERRED IN FINDING DEFENDANT GUILTY OF VOYEURISM.

{¶ 7}  Appellant argues his conviction of voyeurism pursuant to M.C.O. 666.05(d) is not supported by sufficient evidence.  He also argues, essentially (though not explicitly), that his conviction is against the manifest weight of the evidence.

{¶ 8}  When reviewing the sufficiency of the evidence supporting a criminal conviction, an appellate court examines the entire record to determine whether the evidence, if believed, would convince the average mind of the defendant's guilt.  *State v. Kinsworthy,* 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 52. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259, paragraph two of the syllabus.

{¶ 9}  In determining whether a conviction is against the manifest weight of the evidence, an appellate court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Santiago*, 12th Dist. Butler No. CA2015-03-046, 2016-Ohio-547, ¶ 9.  However, the appellate court must be mindful that the weight to be given the evidence and the credibility of the witnesses are primarily matters for the trier-of-fact.  *State v. Thomas*, 70 Ohio St.2d 79 (1982), syllabus.  An appellate court will overturn a conviction on grounds that it is against the manifest weight of the evidence only in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of acquittal.  *Id.* at ¶ 10.

{¶ 10} M.C.O. 666.05(d) provides that "[n]o person shall secretly or surreptitiously videotape, film, photograph, or otherwise record another person under or through the clothing being worn by that person for the purpose of viewing the body of, or the undergarments worn by, that other person."  This ordinance closely tracks R.C. 2907.08(D), which provides that "[n]o person shall secretly or surreptitiously videotape, film, photograph, or otherwise record another person under or through the clothing being worn by that *other* person for the purpose of viewing the body of, or the undergarments worn by, that other person."  (Emphasis added.)[1]

{¶ 11} "Surreptitious" is commonly defined as meaning "unauthorized and clandestine; done by stealth and without legitimate authority."  Black's Law Dictionary (10th Ed.2014) (Westlaw on-line); Black's Law Dictionary (8th Ed.2004) 1485.

{¶ 12} M.C.O. 606.02(a) states that "[a] person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature."

{¶ 13} Appellant argues the state failed to present sufficient evidence to establish two of the elements of a charge under subsection (d) of M.C.O. 666.05, namely, that (1) he "secretly or surreptitiously" videotaped or otherwise recorded another person, and (2) he made the recording for the "purpose" of viewing the other person's body or undergarments. Appellant contends the state failed to establish the "secretly or surreptitiously" element, since the smartphone in the bathroom was in plain view and S.W. immediately noticed it.  Appellant also contends the state failed to establish the "purpose" element, since the evidence shows he recorded S.W. merely for the purpose of detecting whether she was stealing items from

---

1. The only difference between these two provisions is that R.C. 2907.08(D) contains the additional word "other" that we have italicized above.  We view the difference as nonsubstantive and merely stylistic, and appellant has not argued or suggested otherwise.

the household.  Neither of appellant's arguments has merit.

{¶ 14} The evidence showed that appellant deliberately set his smartphone on "record" mode and placed it leaning against a basket on a shelf that was behind the toilet. Appellant knew that S.W. was outside, playing with her siblings, and he ordered S.W. to come inside and shower.  S.W. went inside, appellant got S.W. her pajamas, and S.W. went in the bathroom where she undressed and then turned on the water.  When S.W. went to retrieve a razor that was kept in the basket on the shelf, she noticed appellant's smartphone, which was leaning up against the basket, with the phone's camera facing towards her and recording.  S.W. deleted the recording, got dressed, and confronted appellant, who responded by screaming at her and ordering her not to touch his phone ever again.

{¶ 15} Appellant argues the smartphone in the bathroom was "propped up in plain view" and that S.W. noticed the phone "almost immediately[,]" and thus, "was obvious," and "not secretive" or surreptitious.  Indeed, S.W. acknowledged during her testimony that it was "fairly common" for the smartphone to be in the bathroom.  However, S.W. testified that she did not notice the smartphone that was recording her, until she had undressed, turned on the water, and reached for a razor that was kept in the same basket that the smartphone was leaning against.  S.W. also testified that she was aware that appellant and her mother had been videotaping her to determine if she had been stealing from them.  However, appellant never told S.W. that he was recording her in the bathroom.  Under the facts of this case, the state presented sufficient evidence to establish the "secretly and surreptitiously" element of M.C.O. 666.05(d), which is analogous to R.C. 2907.08(D), and the trier-of-fact's determination that the element was proved was not contrary to the manifest weight of the evidence.

{¶ 16} The element of "purpose" was also met.  Even though appellant testified he made the recording for the purpose of detecting whether S.W. was stealing things from the

household, including money and items such as her sister's lingerie, and not for the purpose of viewing S.W.'s body or undergarments, he made the videotape recording of S.W. in the family's bathroom. As the state points out, the bathroom is "the most probable of all rooms for a person to be in a state of undress[.]"

{¶ 17} Additionally, appellant admitted he was seeking to observe S.W. in a state of undress to see if she possessed items which had been stolen. However, the language in M.C.O. 666.05(d) and R.C. 2907.08(D) does not focus upon the ultimate reason why a person may seek to view another person's body or undergarments. It is only the immediate purpose of seeing that other person's body or undergarments that is relevant.

{¶ 18} It was primarily for the trier of fact to weigh the evidence on the question of what appellant's actual purpose was in videotaping or otherwise recording the victim under or through the clothing being worn by her. It cannot be said on this record that the trier of fact lost his way or created such a manifest miscarriage of justice that appellant's conviction has to be overturned and a new trial ordered. In light of the foregoing, appellant's assignment of error is overruled.

{¶ 19} Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.